UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH SMITH,  
    Plaintiff,

vs

LAUFMAN, JENSON &
NAPOLITANO, LLC,  
    Defendant.

Case No. 1:12-cv-304

Spiegel, J.
Wehrman, M.J.

REPORT AND
RECOMMENDATION

      Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint. (*See* Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

      Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against a Cincinnati law firm, Laufman, Jensen & Napolitano, LLC. Plaintiff states that she hired Paul Laufman of the defendant law firm to represent her son on November 19, 2007, and that during the time her son was Laufman's client, "several problems" arose. (Doc. 1, Complaint, p. 3). She alleges that Laufman told her on April 22, 2008 that she and her son "were the worst clients he's ever had." (*Id.*). Plaintiff states that she obtained another lawyer to represent her after that point, but that Laufman "refuse[d] to step down as [her] son's attorney." (*Id.*). Plaintiff further alleges in pertinent part:

> Even though Mr. Laufman knew of my son's disability he later stated to the prosecutor he hopes that my son keeps him so that he can make an ass out of me. He said this in front of my daughter and grandchildren. Not only was that rude but totally disrespectful to my family. Mr. Laufman then sent a letter to my lawyer stating that he had represented my son to the best of his ability and wanted to be paid. He said that he knew I was going to file [a] grievance and if I didn't that he would take only $10,000. But if I did he wanted $11,500.

(*Id.*).

Plaintiff states that she filed a grievance on August 11, 2008 with the Cincinnati Bar Association (CBA). The matter proceeded to arbitration and resulted in an agreement by Laufman to "fix [her] son's credits" and to return $1,500 of his $11,500 fee to plaintiff. (*Id.*). Plaintiff alleges that Laufman sent a letter to the CBA on December 19, 2008, stating that "the issue was resolved and that he had fixed [her] son's credits." (*Id.*). Plaintiff claims that Laufman lied because the credits issue was not resolved until "18 months later," but that the CBA matter was closed "because we all thought [Laufman] had held up his end of the

agreement." (*Id.*).

On April 1, 2009, plaintiff filed a malpractice lawsuit against Laufman, alleging that he had broken the two agreements he had entered with plaintiff and her son. (*Id.*, p. 4). Plaintiff alleges that although Laufman was "clearly at fault" by failing to answer her complaint within the required 28-day time frame, the judge denied her motion for default judgment. (*Id.*). Plaintiff further alleges that she wrote a letter in September 2009 to Maria Palermo of the CBA, requesting that the CBA case be reopened. (*Id.*). Palermo responded by stating that "she sees where [Laufman] breached both contracts but she didn't see where it hurt [plaintiff]." (*Id.*).

As relief, plaintiff seeks $110,000 in damages stemming from Laufman's alleged breach of two contracts, his failure to represent her son "to the best of his ability," and his humiliation and intimidation of plaintiff while "aware of our disabilities." (*Id.*). Plaintiff also requests "to know if Mr. Laufman has ever given any money back to a client of his after telling them to seek other representation." (*Id.*).

Plaintiff asserts that subject matter jurisdiction exists in this case under 28 U.S.C. § 1343(3) because her complaint is a "civil rights lawsuit" brought pursuant to 42 U.S.C. § 1983 "alleging the Defendant(s) acting under color of State law, deprived [her] of a right secured by federal law or the Constitution." (*Id.*, p. 2).[1] In the instant case, plaintiff's allegations are insufficient to state a claim upon which relief may be granted by this Court.

First, it appears clear from the face of the complaint that it is time-barred. A civil rights

---

[1]It is noted that plaintiff is unable to prevail on any claim that other jurisdictional provisions apply in this case, which would permit this Court to entertain her complaint. Plaintiff has not alleged any facts even remotely suggesting that defendant violated a federal statute. Moreover, there is no diversity of citizenship between the parties for diversity jurisdiction to lie under 28 U.S.C. § 1332(a)(1) for consideration of any state-law breach-of-contract or tort claims alleged by plaintiff in this case. *Cf. Riser v. Pollitt*, 43 F. App'x 912, 913 (6th Cir. 2002) (finding no basis for diversity jurisdiction where the plaintiff and defendants were all residents of Ohio).

action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien,* 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen,* No. 1:10cv312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (Weber, J.) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, the two-year limitations period has run with respect to plaintiff's claims, which accrued in 2008-2009 during Laufman's representation of plaintiff's son and the subsequent CBA arbitration proceeding. Plaintiff was well aware by September 2009, when she learned that the CBA matter would not be reopened, of all the facts giving rise to her allegations against the defendant. Therefore, the complaint under § 1983, filed over two and one-half years later in April 2012, is time-barred.

In any event, plaintiff's complaint fails to state a claim for relief under § 1983 against the defendant. In order to allege a cognizable § 1983 civil rights claim, plaintiff must allege that the person engaging in the challenged conduct was acting under color of state law and that such conduct deprived the plaintiff of some right secured by the Constitution or laws of the United States. *See Hines v. Langhenry*, __ F. A'ppx __, No. 09-3354, 2011 WL 5966615, at *3 (6th Cir. Nov. 30, 2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). Neither Laufman nor Laufman's law firm are state actors subject to liability under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983);

*Otworth v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers); *see also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998); *Horton v. Martin,* 137 F. App'x 773, 775-76 (6th Cir. 2005). Absent any allegation suggesting that Laufman acted under color of state law by acting in concert with state officials, plaintiff's complaint fails to state a claim against the defendant under § 1983. *Cf. Horton,* 137 F. App'x at 775-76 (affirming dismissal of § 1983 claim against attorney who represented the plaintiff in a parole revocation hearing given the lack of any "factual support or evidence upon which a conspiracy [with state officials] could be based"); *see also Twombly*, 550 U.S. at 555.

Finally, plaintiff's allegations do not state a claim of a violation of federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The Court cannot discern any possible federal claim from the allegations in plaintiff's complaint. Rather, construing the complaint liberally, plaintiff's allegations state only tort and breach-of-contract claims that are governed by Ohio law. *Cf. Riser v. Pollitt*, 43 F. App'x 912, 913 (6th Cir. 2002) (holding that the district court did not err in determining that the complaint did not raise an issue of federal law, but rather sounded "in state statutory and tort law"). Pendent jurisdiction should not be exercised to consider the state-law claims because plaintiff has failed to state a viable federal claim. *See United States Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally

6

should be dismissed as well").

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal because it is time-barred. In addition, the Court lacks subject matter jurisdiction to consider the complaint because plaintiff has failed to state a viable federal claim for relief under 42 U.S.C. §1983.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEBORAH SMITH,　　　　　　　　　　　　Case No. 1:12-cv-304
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　Weber, J.
　　vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

LAUFMAN, JENSON &
NAPOLITANO, LLC,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc